COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

HENRY MARTINEZ,
)
 No. 08-02-00287-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 292nd District Court

)


THE STATE OF TEXAS,
)
 of Dallas County, Texas

)


 Appellee.
)
 (TC# F-0123667-UV)


MEMORANDUM OPINION



 Henry Martinez appeals his conviction for indecency with a child younger than seventeen
years of age. A jury found him guilty and the trial court sentenced him to twenty years' confinement
in the institutional division of the Texas Department of Criminal Justice. We affirm. Because the
sole issue for our review is the facial validity of the judgment, we will dispense with the customary
factual recitation.

SIGNATURE OF THE JUDGE


 In his sole point of error, Appellant contends that the judgment is void because the signature
of the trial judge is illegible and thus, it does not conform to the statutory requirement that a
judgment must be signed by the judge. We disagree.

 The Code of Criminal Procedure details at length the components that should be included
in a court's written judgment. Tex.Code Crim.Proc.Ann. art. 42.01, § 1 (Vernon Supp. 2003). 
A judgment is a written declaration of the court signed by the trial judge. Tex.Crim.Proc.Code
Ann. art. 42.01, § 1. Absent a showing of irregularity, courts must presume regularity of the
judgment and the proceedings. See Singleton v. State, 986 S.W.2d 645, 651 (Tex.App.--El Paso
1998, pet. ref'd); Ex parte Wilson, 716 S.W.2d 953, 956 (Tex.Crim.App. 1986). Significantly, the
burden is on the defendant to overcome this presumption. Wilson, 716 S.W.2d at 956.

 The record before us reveals a signature on the judgment in the space marked
"Judge Presiding." It is indeed somewhat illegible, but the judgment meets the requirements of the
statute--it is signed. The signature is presumed to be that of the trial judge in the absence of any
contrary proof. Appellant has tendered no evidence that the signature is not that of the trial judge. 
Because he has failed to provide evidence contesting the authenticity of the signature, we presume
regularity of the judgment. Appellant's point sole is overruled and the judgment affirmed.



July 24, 2003 /s/ Ann Crawford McClure 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)